UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>JEAN PIERRE,<br><br>Defendants. | **ORDER**<br><br>22 Cr. 19 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        Counsel for Defendant Jean Pierre submitted an <u>ex parte</u> letter on September 7, 2023 disclosing a potential conflict of interest arising from the payment of attorney's fees. Information regarding the payment of attorney's fees is generally not privileged.  <u>In re Grand Jury Subpoena Served Upon Doe</u>, 781 F.2d 238, 248 (2d Cir. 1986) ("[A]bsent special circumstances not present here, disclosure of fee information and client identity is not privileged even though it might incriminate the client."); <u>In re Shargel</u>, 742 F.2d 61, 62 (2d Cir. 1984) ("We have consistently held that client identity and fee information are, absent special circumstances, not privileged.").  Accordingly, Jean Pierre's counsel is directed to docket the <u>ex parte</u> letter submitted to the Court.  Because the payment of attorney's fees by a third party presents a potential conflict of interest, see <u>In re Grand Jury Subpoena</u>, 781 F.2d at 248 n.6 ("Accepting payment of clients' fees from a third party may subject an attorney to undesirable outside influence, particularly where the attorney is representing clients in criminal matters[] . . . and the third party is the head of a criminal enterprise of which the clients are members.  In such a situation, an ethical question arises as to whether the attorney's loyalties are with the client or the payor."); <u>Moreno-Godoy v. United States</u>, 2014 WL 1088300, at *34 (S.D.N.Y. Mar. 20, 2014) (denying habeas petitioner's "claim that his conviction should be reversed because he was

denied conflict-free representation in violation of the Sixth Amendment" because, though petitioner's codefendant advanced fees to petitioner's attorney, "to the extent that any potential conflict existed, it was knowingly and intelligently waived by [petitioner] at [a] Curcio hearing"), the Court will conduct a Curcio hearing to ensure that Defendant Jean Pierre understands (1) the potential conflict of interest and how it could negatively affect his representation; and (2) his right to conflict-free representation. The Curcio hearing will be conducted on **October 11, 2023 at 11:00 a.m.** One week before the hearing the Government will submit a letter stating the questions it believes should be posed to Defendant Jean Pierre.

Dated: New York, New York
      September 28, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge